**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANGELA MARIE DUMEZ,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:25-cv-264<br><br><br>Judge Robert J. Colville |

**MEMORANDUM OPINION**

Robert J. Colville, United States District Judge.

This is an appeal from a decision of the Commissioner of Social Security denying Plaintiff Angela Marie Dumez's application for disability insurance benefits. Pending before the Court is Plaintiff's Motion for Summary Judgment (ECF No. 16).[1] Plaintiff requests that the Court remand the case for further proceedings, arguing that the residual functional capacity (the "RFC") assessed by the Administrative Law Judge (the "ALJ") does not account for the total limiting effects of her impairments. Plaintiff advances challenges to the ALJ's evaluation of two medical opinions and Plaintiff's own statements respecting her symptoms. However, after a review of the record, the Court finds that the ALJ's decision relies on substantial evidence. Accordingly, the Court will deny Plaintiff's Motion for Summary Judgment.

[1] While Defendant has filed a Brief in Opposition (ECF No. 18), and not its own motion for summary judgment, the Brief is nevertheless characterized in the Conclusion section as a brief in support of the Commissioner's Motion for Summary Judgment. The Court will treat this matter as it would cross-motions for summary judgment.

## I. BACKGROUND

On August 9, 2022, Plaintiff filed an application claiming disability insurance benefits beginning on October 10, 2021. R. at 17.[2] Plaintiff had previously worked as a food preparer, cashier, and dishwasher. R. at 28. In her application, Plaintiff reported that she was no longer able to work due to a disabling condition that she could not identify, but that involved multiple factors, including diabetes, bunions on her feet, and an inability to stand. R. at 180–181. On initial review, the Commission determined that Plaintiff was not disabled. R. at 17. On October 19, 2023, upon reconsideration, Plaintiff's claim was again denied. *Id.*

After receiving these decisions, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. at 100–101. In her request, she said that she disagrees with the determination to deny her claim because the Social Security Administration did not consider the full extent of her disability. *Id.* She also indicated that she had additional evidence to submit and that she wished to appear for the hearing. *Id.*

The Commission responded by letter informing Plaintiff that her request would be processed and that she would be notified "at least 75 days before the date of [her] hearing." R. at 91. The letter informed Plaintiff of her right to representation at the hearing and included a list of resources that provide representation to claimants. R. at 85–86. The Commission also requested a "current Authorization to Disclose Information" so that it could "obtain records to update [Plaintiff's] file." R. at 126.

[2] Citations to "R." are to the Transcript of Proceedings (ECF No. 12) filed by the Commission in this case.

On July 2, 2024, Plaintiff appeared by telephone for her hearing. R. at 38. The ALJ noted that Plaintiff was represented by counsel. R. at 39. At the hearing, the ALJ conducted an examination of Plaintiff and asked questions of an impartial vocational expert. R. at 37–63.

After his hearing, the ALJ found that Plaintiff was not disabled. R. 17–30. The ALJ determined that Plaintiff had not been engaged in substantial gainful activity since the onset date of October 10, 2021, and that she had the following severe impairments: diabetes mellitus with neuropathy, bunions, degenerative disc disease of the cervical and lumbar spine, and obesity. R. at 19. The ALJ noted Plaintiff's other conditions, but concluded that they were not "severe insofar as they are not documented as medically determinable, as imposing more than minimal limitations in functioning, and/or as persisting for 12-consecutive months." R. at 20. The ALJ further found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). R. at 22.

Based on the above impairments, the ALJ assessed Plaintiff with the following residual functional capacity:

> to perform sedentary work as defined in 20 CFR 404.1567(a) except she is not able to crawl, climb ladders, ropes, and scaffolds, and have no exposure to workplace hazards such as unprotected heights or open, moving machinery. She is able to occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and reach overhead bilaterally. She must avoid concentrated exposure to extremes of cold or heat, wetness, humidity, vibration, or irritants such as fumes, odors, dusts, and gases.

R. at 22. Considering Plaintiff's age, education, work experience, and the above-formulated residual functional capacity, the ALJ determined at step five of the five-step analysis (described in detail below) that "there were jobs that existed in significant numbers in the national economy that the claimant could have performed." R. at 28. Accordingly, the ALJ concluded that Plaintiff was not disabled. R. at 29–30.

## I. LEGAL STANDARD

Courts review the Commissioner's factual findings for "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In reviewing whether substantial evidence supports the Commissioner's findings, courts may not "re-weigh the evidence or impose their own factual determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *see also Zirnsak v. Colvin*, 777 F.3d 607, 610–11 (3d Cir. 2014). In other words, reviewing courts must affirm the Commissioner if substantial evidence supports the Commissioner's decision, even if they would have decided the case differently.

To determine if a claimant is disabled, the Commissioner follows a five-step sequential inquiry. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v); 20 C.F.R. § 416.920(a)(4)(i)–(v). The Third Circuit has previously explained this sequential analysis, and the shifting burdens that attend each step, in detail:

> The first two steps involve threshold determinations. In step one, the Commissioner must determine whether the claimant currently is engaging in substantial gainful activity. If a claimant is found to be engaging in substantial gainful activity, the disability claim will be denied. In step two, the Commissioner must determine whether the claimant has a medically severe impairment or combination of impairments. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. In step three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. If the impairment is equivalent to a listed impairment the disability claim is granted without further analysis. If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five. Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform his past relevant work. The claimant bears the burden of demonstrating an inability to return to his past relevant work. If the claimant does not meet the burden the claim is denied.

> If the claimant is unable to resume his former occupation, the evaluation moves to the final step. At this stage, the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. The Commissioner must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his or her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether he is capable of performing work and is not disabled.

*Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545–46 (3d Cir. 2003) (internal citations omitted). The analysis is identical whether an application seeks disability insurance benefits or supplemental security income. *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 n.3 (3d Cir. 2004).

## II. ANALYSIS

An ALJ's findings are entitled to substantial deference by reviewing courts. *See Scott v. Astrue*, 297 F. App'x 126, 128 (3d Cir. 2008) ("This Court is required to grant the ALJ deference and affirm if substantial evidence supports the ALJ's finding. This standard places considerable weight on the findings of the ALJ and this Court overturns only if it concludes that a reasonable mind would not support such a conclusion.") (internal citations omitted). "The ALJ's decision may not be set aside merely because [a reviewing court] would have reached a different decision." *Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 479 (3d Cir. 2007) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)).

Three sets of medical opinions bear on the issues Plaintiff raises. The first is a February 2023 consultative medical examination of Plaintiff performed by Mary Kensinger, N.P. R. at 626–35. NP Kensinger concluded that Plaintiff could sit, stand, and walk for fifteen minutes at a time, for a total of three hours sitting, two hours standing, and two hours walking per workday. R. at 632. She also noted Plaintiff's anxiety when sitting and pain when standing or walking. *Id.*

The second was a medical source statement completed by Sabrina Bowman, PA-C, which listed Plaintiff's medical diagnoses of diabetes with polyneuropathy and cervical and lumbar degenerative disc disease. R. at 938–42. PA-C Bowman concluded that Plaintiff could sit for about thirty minutes and stand for about ten minutes at a time, for a total of two hours sitting and less than two hours of standing or walking per day. R. 939–941. She also noted that Plaintiff would have to walk for five minutes every ten minutes, would need the ability to shift positions at will, would need a cane when standing or walking, and would likely be absent four days per month. *Id.*

And the third is Plaintiff's own account of her conditions, where she reports that she can sit for about thirty minutes, can stand for about ten minutes, and can walk for about fifteen-to-thirty minutes before changing positions. She also testified that she uses a cane, needs to elevate her legs once or twice a day, naps daily, and requires assistance from her husband and son. R. at 48–52.

**A. The Consultative Medical Examination**

Plaintiff raises two objections to the ALJ's rejection of NP Kensinger's opinion. First, Plaintiff contends that the ALJ's reason for finding NP Kensinger's opinion unpersuasive, that NP Kensinger's sitting limitation relied in part on anxiety that the ALJ found non-severe, was "at best confusing" and conclusory. Second, Plaintiff argues that the ALJ should not have relied on her own lay interpretation of the medical evidence, reaching a conclusion contrary to a medical source that actually examined Plaintiff. The Commissioner responds that the ALJ's reasoning was not conclusory because she explained why NP Kensinger's opinion was unsupported by NP Kensinger's largely normal examination findings and inconsistent with the record. The Commissioner argues further that the ALJ did not substitute her own lay judgment, because she

relied on findings from the State Agency consultants and was entitled to formulate the residual function capacity ("RFC") from the record as a whole.

NP Kensinger's conclusion, that Plaintiff can stand for a total of two hours and walk for a total of two hours, is compatible with the RFC that the ALJ assessed, which limits Plaintiff to sedentary work. *See* Social Security Ruling 96–9p, 1996 WL 374185 (July 2, 1996) ("Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 'Occasionally' means occurring from very little up to one-third of the time, and would generally total no more than about 2 hours of an 8-hour workday."); *see also* 20 C.F.R. § 404.1567(a). The only portion of NP Kensinger's opinion that is in conflict with the RFC is her conclusion that Plaintiff is limited to three hours of sitting in fifteen-minute increments. The ALJ rejected the sitting limitation in her decision because it was "based in part on the claimant's anxiety when sitting, which has been determined to be nonsevere." R. at 26.

Plaintiff argues that this is conclusory and unexplained, but the ALJ reached that conclusion based on NP Kensinger's report and the psychological profile. The report specifies that the sitting limitation is caused by anxiety. R. at 632. The ALJ also found, based on a report from Kathleen Ledermann, Psy.D., a State Agency psychologist, that Plaintiff's anxiety was mild and only caused minimal limitations. R. 20–21. A three-hour sitting restriction attributed to a condition that causes only minimal limitations is inconsistent with this record, as the ALJ reasonably read it.

The ALJ also found NP Kensinger's opinions inconsistent both with the State Agency consultants' findings that Plaintiff could perform medium and light work and with a longitudinal record of stable symptoms, normal gait and strength, and only mild pain in physical therapy. R. at 24–25. The ALJ is entitled to rely on the State agency findings, and that reliance is certainly

enough to defeat Plaintiff's argument that the ALJ used a layperson's interpretation of raw medical data instead of the opinion of a medical professional. The ALJ found the State Agency's assessment that Plaintiff can perform medium or light exertion persuasive, but then reduced this assessment to just sedentary work "to ensure the residual functional capacity reflects work that can be sustained on a regular and continuous basis and will not exacerbate the claimant's chronic pain." R. at 26. The RFC thus relies on medical opinion evidence, and is charitably evaluated in a more lenient category than the medical opinion assessed.

The cases Plaintiff cites to support her argument involve ALJs who rejected medical opinions without reliance on contrary medical opinions. *Moffatt v. Astrue,* No. CIV.A. 10-226, 2010 WL 3896444, at *6 (W.D. Pa. Sept. 30, 2010) ("The ALJ violated both of these precepts by rejecting the opinions of Dr. Liszewski and Dr. Anderson based solely on his own interpretation of the relevant treatment notes and without reference to countervailing medical evidence."); *Eric. D. B. v. O'Malley*, No. 4:23-CV-0474, 2024 WL 1356712, at *6 (M.D. Pa. Mar. 29, 2024) ("It is notable that in critiquing the medical opinions and evidence in the file, the ALJ doesn't hold them up against contrary medical evidence, because it isn't there."). In such a case, it is true that an ALJ "lacks the expertise to ascertain a claimant's [RFC] from raw medical data." *Moffat*, 2010 WL 3896444, at *6. But that is not the case here. Accordingly, the ALJ's opinion is supported by substantial evidence.

**B. The Physician Assistant's Opinion**

Plaintiff argues that the ALJ rejected PA-C Bowman's opinion with mere conclusions, ignored her opinion that Plaintiff must have the ability to shift positions at will, and failed to ask the vocational expert about PA-C Bowman's opinion respecting Plaintiff's sitting and standing limitations. The Commissioner responds that the ALJ adequately explained the opinion's

inconsistency with the record broadly, and was not required to address each of Plaintiff's physical limitations separately.

The ALJ found PA-C Bowman's opinion inconsistent with the record because "the nature and scope of [Plaintiff's] longitudinal treatment and the objective findings on examination do not document an intensity, persistence, or exacerbations of symptoms occurring so frequently as would preclude" sedentary exertion. R. at 27. The ALJ cited the record, including from the State Agency findings, which described stable symptoms in 2021, normal sensation and strength in Plaintiff's feet in 2022, increased walking and activity later in 2022, only mild pain during physical therapy in 2023, and normal gait, station, and strength by late 2023. *Id.*

This explanation from the ALJ more than satisfies her explanatory obligation. As the Commissioner points out, the ALJ is "not required to articulate how we considered each medical opinion or prior administrative medical finding from one medical source individually." 20 C.F.R. § 404.1520c(b)(1); *see also Pyle v. Comm'r*, No. 23-815, 2024 WL 4278291, at *1, n.2 (W.D. Pa. Sep. 24, 2024) ("[N]othing in the regulations implies that this analysis must be separately performed with regard to every aspect of the opinion."). The ALJ cited the evidence that speaks to the overall severity of Plaintiff's various symptoms, and reached a reasonable overall conclusion from the conflicting evidence. The fact that other evidence supports the conclusion that Plaintiff may have had more serious limitations than the ALJ concluded she had does not permit this Court to re-weigh the evidence and impose its own factual determination, in *Chandler* parlance. *Chandler*, 667 F.3d at 359.

As to whether the ALJ was required to pose PA-C Bowman's opinions to the vocational expert, "[l]imitations that are medically supported and *otherwise uncontroverted in the record*, but that are not included in the hypothetical question posed to the expert, preclude reliance on the

expert's response." *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005) (emphasis added). That is not the case here, where the limitations expressed by PA-C Bowman are controverted in the record. As to whether the ALJ must credit the hypothetical posed by counsel to the vocation expert, which involved an employee who requires both a position change after twenty minutes of sitting and a cane held in the dominant hand, this hypothetical is not reflected in Plaintiff's record and is undermined by step five of the five-step analysis. R. at 27. Accordingly, the Court finds that the ALJ's treatment of PA-C Bowman's opinion is supported by substantial evidence.

**C. Plaintiff's Statements Regarding Her Symptoms and Limitations**

Plaintiff argues that the ALJ's evaluation of Plaintiff's own statements was tainted by her errors in evaluating the medical opinions, relied on "inapt" findings, and gave undue weight to her daily transitory activities. The Commissioner responds that the ALJ reasonably relied on examination findings, which reflected that Plaintiff's claims about the intensity and limiting effects of her symptoms were not consistent with the evidence in the record.

When evaluating the intensity and limiting effects of a claimant's symptoms, an ALJ considers, *inter alia*, the "objective medical evidence" and the "other evidence," which includes the record evidence respecting the claimant's daily activities and the treatment the claimant receives. 20 C.F.R. § 404.1529(c)(2)–(3). The ALJ's findings are entitled to deference when they are supported by that sort of evidence from the record and adequately explained. *Zirnsak*, 777 F.3d at 612.

The Court is also not convinced by Plaintiff's argument that errors in the ALJ's evaluation of NP Kensinger's and PA-C Bowman's opinions, which largely tracked Plaintiff's description of her own symptoms, infected the ALJ's evaluation of Plaintiff's statements. As the Court has already explained *supra*, the ALJ did adequately explain why she found NP Kensinger and PA-C

Bowman's opinions unconvincing and supported her findings with substantial evidence. Those objections the ALJ cited are just as applicable to Plaintiff's statements, for the very reason Plaintiff raises this objection.

Finally, Plaintiff also argues that her ability to engage in "transitory activities, performed only subject to the whims of multiple highly variable impairments, is not evidence which undermines the claimant's claim that he is disabled, i.e., unable to work 'on a regular and continuous basis.'" ECF No. 17 at 14 (quoting 20 C.F.R. § 404.1572(c)). But the ALJ did not treat those activities as evidence that Plaintiff was able to work on a regular and continuous basis. She considered Plaintiff's daily activities for a narrow purpose, to assess whether Plaintiff's reports of her limitations were honest and consistent with the rest of the record. When combined with the other objective findings and the record information respecting Plaintiff's course of treatment, the ALJ determined that there were notable conflicts that deserved resolution. Ultimately, substantial evidence supports the conclusion she reached.

## III. CONCLUSION

For the reasons discussed above, Plaintiff's motion for summary judgment will be denied and the Commissioner's decision affirmed. An appropriate Order of Court follows.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: September 29, 2026

cc: All counsel of record